## S90A0371. JACKSON v. SOUTHERN PAN & SHORING COMPANY et al.
(390 SE2d 393)

WELTNER, Justice.

This is the third appearance, in as many years, of this case before our court. For prior decisions, see *Jackson v. Southern Pan &c. Co.,* 258 Ga. 401 (369 SE2d 239) (1988); and *Southern Pan &c. Co. v. Jackson,* 259 Ga. 260 (378 SE2d 854) (1989).

This time, Mrs. Jackson appeals from the trial court's holding that she became a shareholder of the company only on the date of September 14, 1988, which was the date on which the trial court entered the order directing that the principals of the company issue shares to Mrs. Jackson. She contends that she must be considered as a shareholder on the date that she attempted to exercise her warrant, which was on May 8, 1987. That warrant has been declared to be enforceable by prior decision of this court,[1] and the only question now before us is whether Mrs. Jackson's conduct on May 8, 1987 was a valid exercise of that warrant.

If it was, then she is entitled as a matter of law to the relief she sought in the trial court, i.e., to require that the principals return to the corporation all dividends paid to themselves after that date, as well as all other unauthorized disbursements of corporate funds.[2]

If it was not, then the trial court must be affirmed.

1. (a) There is no question but that on May 8, 1987, Mrs. Jackson gave notice of tender to purchase a portion of the shares under warrant, it being her intent to become a shareholder to an extent that would enable her to examine the corporate books. The response of principals of the company was to file an action for declaratory judgment, in which they contended that the warrant was invalid, and to seek a judicial determination to that effect.

(b) In *Frazer v. Jarrett,* 153 Ga. 441, 451 (112 SE 487) (1922), we held:

---

[1] "The trial court therefore erred by holding the warrant invalid and erred by denying Jackson's motion for summary judgment on her claim that the warrant is valid and enforceable." 258 Ga. at 403.

[2] The evidence indicates that before the May 8, 1987 action, shareholder equity in the company was reported by a certified public accountant as $3,081,182. *After* the trial court's order of July 1, 1988 (sustained on appeal in 259 Ga. 260, supra), shareholder equity was reported by a certified public accountant as *minus* $174,221. It may be stated fairly that, having lost their case, the principals denuded the company of its assets, with the result that Mrs. Jackson's shares would be virtually worthless.

But tender by the vendee before suit is excused if the vendor, by conduct or declaration, proclaims that, if a tender should be made, acceptance would be refused. . . . [such] conduct on the part of the [vendor] would excuse the [vendee] from making the tender in accordance with the terms of the contract. Equity never requires a party to do a vain or useless thing before undertaking to assert his rights.

See *Pritchett v. Dodd*, 112 Ga. App. 453, 454 (3) (145 SE2d 610) (1965), to the same effect.

Because the position taken by the principals upon receipt of Mrs. Jackson's notice of tender was a categorical denial of the validity of the warrant, any technical deficiency that may have inhered to the tender was waived as a matter of law. It would be a work of arrant futility to require that Mrs. Jackson make full and complete tender of the entire option price in the face of the certainty that such a tender would be rejected on the ground that her warrant was invalid. "The law does not require a useless act." *Tendler v. Thompson*, 256 Ga. 633, 634 (352 SE2d 388) (1987).

2. Having held that the notice of tender was sufficient under the circumstances of this case, it follows that:

The effect of such notice is to metamorphose the option, optionor and optionee into a contract of sale, vendor and vendee. *Chatham Amusement Co. v. Perry*, 216 Ga. 445 (1) (117 SE2d 320) [(1960)]. [*Bagwell v. Henson*, 124 Ga. App. 92, 94 (183 SE2d 485) (1971).]

Mrs. Jackson's rights are those of a shareholder of 80% of the shares of Southern Pan and Shoring Company as of *May 8, 1987*.

3. The case is remanded for such further proceedings as may be required to assure that Mrs. Jackson is accorded every right to which she is entitled, and that she be granted such further relief as may be necessary to require the company and its principals to comply, fully and promptly, with all of the decisions and directions of this court relating to this case.[3]

*Judgment reversed and case remanded. All the Justices concur.*

---

[3] Lest there be any want of clarity concerning the import of this decision, we mean that the principals must account to the corporation for every dollar that was paid out as dividends after May 8, 1987; and must account, jointly and severally, for every improper expenditure of corporate funds, and for every benefit that any one of them received from the company (including any excessive salary or other emolument that did not reflect reasonable, ordinary, and expectable expenditure of corporate funds). Additionally, Mrs. Jackson's request to file counterclaims must be reinstated, such request to be subject to further rulings of the trial court.

CLARKE, Chief Justice, concurring.

I concur in the judgment of the opinion. However, I confess some concern at the result it reaches.

Southern Pan is a small business corporation which has elected to be treated as a Subchapter S corporation for federal income tax purposes. This election requires that the profits of the corporation be attributed to the income of its shareholders. Because of this it would seem fairer to me for rights in the corporate profits to vest in the individual shareholders as the profits are earned. However, I find nothing in Georgia law supporting this proposition.

DECIDED APRIL 13, 1990 —
RECONSIDERATION DENIED MAY 10, 1990.

*Sell & Melton, John D. Comer, Ellwood F. Oakley III,* for appellant.

*Rich, Bass, Kidd & Witcher, Casper Rich, Martin, Snow, Grant & Walker, George C. Grant, Edward J. Harrell,* for appellees.