S90A0890, S90X0891. GALLOGLY et al. v. BRADCO, INC.;
and vice versa.
(392 SE2d 529)

WELTNER, Justice.

In 1989, we affirmed a 1988 judgment of the trial court ordering specific performance of an obligation to sell land.[1] Thereafter, a dispute arose concerning ad valorem taxes that had accrued during the pendency of the appeal. The owner refused to convey the land when the purchaser offered to pay a sum less than the stated contract price. The trial court again ordered specific performance, and made further direction concerning payment of the purchase price.

The owner appealed, insisting that the buyer had been unwilling to pay the stated contract price, and that the trial court had modified a final judgment. The purchaser filed a cross-appeal from the rejection of its counterclaim for abusive litigation.

1. There is no contention that the purchaser's 1988 tender was not valid. The right to acquire the property was established by that tender. No additional "tender," as that term is used in OCGA § 13-4-24, was necessary to preserve that right.[2] The owner remains bound to specific performance.

2. The order entered by the trial court after the first appeal was not an impermissible modification of a final judgment, as contended by the owner. The second decree became necessary only because the owner refused to obey the first decree. "A superior court shall have full power to mold its decrees so as to meet the exigencies of each case and shall have full power to enforce its decrees when rendered." OCGA § 23-4-31.

3. We have examined the enumerations of error contained in the cross-appeal, and find no entitlement to further relief.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 21, 1990 —
RECONSIDERATION DENIED JULY 11, 1990.

*Morris, Manning & Martin, Joseph R. Manning, David L. Moss,* for appellants.

*Alston & Bird, G. Conley Ingram, Robert D. McCallum, Geoffrey H. Cederholm III,* for appellee.

---

[1] *Gallogly v. Bradco, Inc.,* 259 Ga. XXX (1989), affirmed without opinion.

[2] For a similar case involving the effective date of tender, as required for the exercise of an option, see *Jackson v. Southern Pan &c. Co.,* 260 Ga. 150 (390 SE2d 393) (1990).