## S91A1187. COBB COUNTY v. BUCHANAN et al.
(413 SE2d 198)

BENHAM, Justice.

Appellees are property owners whose properties on Columns Drive in Cobb County abut the Chattahoochee River. On all their properties there are structures within 50 feet of the river for which certificates from Cobb County are required pursuant to the Metropolitan River Protection Act (MRPA), OCGA § 12-5-440 et seq. Appellees entered the litigation which led to this appeal by intervening as defendants in an action by Cobb County against another property owner with an offending structure. At the time appellees intervened, none of them had applied for a certificate. The trial court entered an order in May 1990 requiring appellees to remove the structures and restore the land by a date certain in October 1990. Appellees did not appeal that order, but on the last day for compliance with the order, they sought a stay of the order for the purpose of pursuing administrative remedies: they had applied for certificates on the day before the stay was sought. This appeal is from an April 1991 order of the trial court granting the stay, after ruling that it had continuing jurisdiction over the controversy because the May 1990 order was still executory.

Citing *Long v. Long*, 247 Ga. 624 (278 SE2d 370) (1981), appellant contends that since the term of court in which the May 1990 order was entered had expired before appellees sought a stay, the trial court had no authority to modify its judgment. Conceding the correctness of the legal proposition on which appellant relies, appellees contend that the stay entered by the trial court did not constitute a modification of the May 1990 judgment because that judgment was still executory. As appellant cogently notes in argument to this court, however, adoption of appellees' position would effectively destroy any sense of security parties may have with regard to judgments which have not been fully satisfied. Permanent injunctions would lose their permanency if the issuing court could modify them at any time so long as there had not been compliance with the injunction.

*Gallogly v. Bradco, Inc.*, 260 Ga. 311 (2) (392 SE2d 529) (1990), relied upon by appellees, does not support their position. There, this court approved an order entered by a superior court after appellate affirmance of a previous order. Citing the superior court's power under OCGA § 23-4-31 to enforce its judgments, this court held that the second order became necessary only because of the failure of a party to abide by the first judgment, and that the second order was not a modification of the first judgment. Appellees, rather than seeking enforcement of an order, seek to avoid enforcement of an order, a change which is unquestionably a modification of the first order. Making a change of that kind is not the function of the superior

court's power under OCGA § 23-4-31, and the stay issued in this case was not authorized by that statute or by the holding in *Gallogly*.

The trial court's order of May 1990 was final in that the case was no longer pending in the trial court (OCGA § 5-6-34), so the trial court lacked authority, in a succeeding term, to relieve appellees from their duty of compliance. *Long*, supra. The order staying the May 1990 judgment, being a modification of the previous order and being entered out-of-term and without authority, was a nullity (id. at 625), and the May 1990 order remains in full effect. That being so, the specific holdings and findings contained in the judgment on appeal need not be considered.

*Judgment reversed. Weltner, P. J., Bell, Hunt, Fletcher, JJ., and Judge Leah J. Sears-Collins concur. Clarke, C. J., disqualified.*

DECIDED FEBRUARY 13, 1992.

*Brock & Clay, Richard W. Calhoun,* for appellant.

*Dupree, Johnson & Poole, Hylton B. Dupree, Jr., Russell D. King,* for appellees.

*Bassett, Gerry, Friend & Koenig, Harvey M. Koenig,* amicus curiae.