A98A2199. LUXENBERG v. GRIFFITH et al.
(514 SE2d 63)

RUFFIN, Judge.

Sandra Luxenberg, as executrix under the will of her mother, Estelle Rosen, sued Michael Griffith and Judy Miller for trespass, interference with enjoyment of property, and nuisance, seeking injunctive relief and damages.[1] A jury found in favor of defendants, and Luxenberg appeals, contending that the trial court erred (1) in admitting into evidence minutes of the Tybee Island City Council; (2) in admitting the testimony of a defense witness; and (3) in failing to give a requested charge on negligence. For reasons which follow, we affirm.

Rosen and defendants owned adjacent property on Eighteenth Place on Tybee Island. In April 1995, defendants added fill dirt to their property which increased the height of the property. Luxenberg claimed that the elevation of defendants' property forced rainwater to flow onto Rosen's property and caused flooding. A real estate appraiser testified that without flooding, Rosen's property was worth over $30,000, but with flooding, the value of the property "would be nil." Defendants, on the other hand, claim that the Rosen property

---

[1] Luxenberg originally brought the action as attorney-in-fact for Rosen, but Rosen died prior to trial.

had always been susceptible to flooding and that the elevation of their property actually served to improve Rosen's property.

Defendants tendered minutes from certain Tybee Island City Council meetings which showed that Rosen's husband, Dr. Rosen (now deceased), had complained of flooding on the Rosen property as early as 1979. These minutes also indicated that the council had discussed the flooding problem in the area several times. Defendants also called Donald Harris to testify about instances of flooding of the Rosen property that he had witnessed before April 1995.

1. In her first enumeration, Luxenberg contends that the trial court erred in admitting into evidence copies of the Tybee Island City Council minutes because they contain hearsay and because they are irrelevant. With respect to her claim that the documents were inadmissible because they contained hearsay, Luxenberg did not support this assertion in her brief with any argument or citation to the record. Accordingly, this assertion is deemed abandoned. Court of Appeals Rule 27 (c) (2); see also *In the Interest of B. J. G.*, 234 Ga. App. 285, 287, n. 1 (506 SE2d 449) (1998).

With regard to her relevancy objection, Luxenberg claims that the earlier flooding of the property referenced in the minutes was caused by ocean water coming over the sea wall during high tides rather than rainwater and that the City of Tybee Island corrected the problem. Thus, she contends that the minutes were irrelevant as a matter of law.

As an initial matter, we note that "our appellate courts have consistently adhered to the rule that an objection to the admission of evidence on the sole ground that it is irrelevant is insufficient to show error requiring reversal." (Punctuation omitted.) *Kittles v. Kittles*, 187 Ga. App. 537, 538 (2) (370 SE2d 803) (1988). Accordingly, we need not address this claim of error.

Moreover, at trial, Luxenberg did not object to the minutes on the grounds that the earlier flooding was caused by ocean water rather than rainwater, but simply argued that the minutes were irrelevant because they related to periods before 1995. Thus, the trial court never had an opportunity to consider the similarity of the various instances of flooding. "In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground. Objecting on specific grounds waives the grounds not asserted." (Citations and punctuation omitted.) *Campbell v. State*, 228 Ga. App. 258, 263 (3) (b) (491 SE2d 477) (1997). "The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching [or] shifting." (Punctuation omitted.) *Robinson v. State*, 208 Ga. App. 528, 530-531 (4) (430 SE2d 830) (1993). Thus, Luxenberg waived her right to raise this

issue on appeal.

2. Luxenberg also contends the trial court erred in admitting Harris's testimony. Harris, an engineer formerly with the Army Corp of Engineers, had worked on a beach erosion project in 1978. He testified that in 1978, Dr. Rosen contacted him regarding the flooding of his property. From 1978 through 1988 or 1989, Harris visited Dr. Rosen's property several times and witnessed flooding first-hand. At trial, Luxenberg objected to this testimony because it dealt "with events that transpired in 1980." In her brief, however, Luxenberg argues that Harris's testimony was not relevant because the flooding he referred to involved "ocean water coming over the sea wall" rather than rainwater.

To the extent that Luxenberg's objection at trial constituted an objection on relevancy grounds, we reiterate that "an objection to the admission of evidence on the sole ground that it is irrelevant is insufficient to show error requiring reversal." (Punctuation omitted.) *Kittles*, supra. To the extent Luxenberg now argues in her brief that the earlier flooding was different in type from the flooding following the elevation of defendants' property, she waived that argument by failing to raise the issue below. See *Campbell*, supra; *Robinson*, supra.

3. In her final enumeration of error, Luxenberg contends the trial court erred in failing to give a jury instruction she requested. This contention lacks merit.

During the charge conference, the parties discussed the defendants' request for the trial court to instruct the jury "that the Plaintiff seeks recovery for injuries allegedly caused by the Defendants' negligence." Luxenberg's attorney objected to this charge, claiming that "[t]his is not a negligence action."[2] At Luxenberg's request, the trial court changed the defendants' charge to eliminate use of the word "negligence."

Immediately thereafter, the parties discussed Luxenberg's request for the trial court to charge the jury "that in order that a party may be liable in negligence, it is not necessary that they should have contemplated or even been able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient, if, by the exercise of reasonable care, the defendants might have foreseen that some injury would result from their act or o[m]issions, or that consequences of a generally injurious nature might have been expected."

The trial court noted that Luxenberg's charge also involved neg-

---

[2] We note, in passing, that Luxenberg's amended complaint does reference a negligence claim.

ligence and concluded that it would not give the instruction "to avoid confusing the jury." After the trial court explained its reasoning for excluding the charge, Luxenberg's attorney responded "okay."

"These facts compel the conclusion that [Luxenberg] expressly acquiesced in . . . the court's instruction." (Footnote omitted.) *Moody v. Dykes*, 269 Ga. 217, 220 (3) (496 SE2d 907) (1998). Having agreed to the trial court's decision, Luxenberg may not now complain of it. Id.; see also *Rainwater v. State*, 256 Ga. 271, 272 (2) (347 SE2d 586) (1986).

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 10, 1999 —
RECONSIDERATION DENIED MARCH 22, 1999 — 

*Clark & Clark, Fred S. Clark*, for appellant.
*McCorkle, Pedigo & Johnson, Kenneth P. Johnson*, for appellees.