A00A0921. NOWLIN v. DAVIS et al.
(538 SE2d 900)

MILLER, Judge.

Valesta Faye Nowlin contracted to sell certain land to Pamela Davis for $24,000 with the transaction to close on or before March 13, 1996. On March 8, Davis called Nowlin and offered to bring over the money immediately to close the transaction, but Nowlin adamantly

refused, claiming (despite Davis's protests) that the contract had already expired. Thereafter Nowlin refused to take Davis's calls. A jury awarded Davis specific performance, and judgment was entered accordingly. Nowlin enumerates the denial of her motion for new trial, arguing that the contract was indefinite and that tender was not waived. We disagree and affirm.

1. A party seeking specific performance of a real estate contract must show that the terms of the contract are definite and specific as to subject matter, purpose, parties, and consideration, and even as to the time and place of performance where these are essential.[1] Although the written contract here was definite and specific as to all essential elements, Nowlin argues that because Rob Williams, Sr. was added to the suit as a plaintiff,[2] the contract thereby became indefinite as to parties. The procedural act of adding a plaintiff to the suit did not in any way change the terms of the contract at issue.

Moreover, Williams was added as a result of Nowlin asserting the affirmative defense that Williams was an indispensable party, pursuant to which Nowlin moved to dismiss the suit at trial. To resolve the issue, Davis moved to amend the complaint to add Williams as a party, which the court permitted. "[A] party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him during the trial of the case."[3]

2. Nowlin next claims that Davis never formally tendered the $24,000 to her nor showed that she had the money in hand. It is true that to be entitled to specific performance on a real estate contract, the purchaser must make an unconditional tender of the purchase money due.[4] This tender is excused or waived where the seller, by conduct or declaration, proclaims that if a tender should be made, acceptance would be refused.[5] The law does not require a futile tender or other useless act.[6] Here Davis testified that she had the money and that she told Nowlin she wanted to bring it to Nowlin; Nowlin refused, adamantly declaring that the contract had expired. A formal tender was thereby waived or excused.

Nowlin further claims that Davis failed to show that she had the money available for tender at the time of trial. This means nothing. Once the right to acquire the real property is established by the tender waiver, no additional tenders need be shown to preserve that

---

[1] *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99, 101 (1) (97 SE2d 129) (1957).

[2] Williams was the real estate agent signing for the broker in the contract at issue.

[3] (Citations and punctuation omitted.) *Clark v. Stafford*, 239 Ga. App. 69, 72 (2) (522 SE2d 6) (1999).

[4] *Smith v. Standard Oil Co.*, 226 Ga. 339, 340 (1) (175 SE2d 14) (1970).

[5] Id.; *Holden v. Smith*, 236 Ga. App. 205, 208-209 (511 SE2d 569) (1999).

[6] *Jackson v. Southern Pan &c. Co.*, 260 Ga. 150, 151 (1) (b) (390 SE2d 393) (1990).

right.[7] Moreover, Davis showed at trial that the money was still available.

3. In her final enumeration of error, Nowlin claims that the court erred in failing to rule on her post-trial motion to terminate Davis's right to purchase the property. In that motion Nowlin claimed Davis failed to tender the money within the 30 days following the verdict, as required by the judgment. Although Nowlin filed this motion simultaneous with other post-trial motions, at the post-trial motions hearing she failed to raise the issue. It was the duty of her counsel to invoke a final ruling, and counsel's failure to do so precludes our review.[8]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 8, 2000.

*Glenville Haldi*, for appellant.
*Giddens, Davidson & Mitchell, Earl A. Davidson, Regina E. McMillan*, for appellees.

---

[7] Cf. *Gallogly v. Bradco, Inc.*, 260 Ga. 311 (1) (392 SE2d 529) (1990).
[8] *McGuire v. Norris*, 180 Ga. App. 383, 385 (2) (349 SE2d 261) (1986).