## A01A0315. PERRY v. CLAY.
(550 SE2d 125)

Miller, Judge.

Robert Clay sued Cedric Perry on a negligence theory for injuries he sustained when the truck Perry was driving ran over Clay's foot and ankle. The jury returned a damage award in favor of Clay. On appeal Perry contends that the trial court erred in several of its charges to the jury and in allowing two exhibits to go out with the jury. We affirm.

1. Perry contends the court erred in charging the jury on the doctrine of sudden emergency. Specifically, he argues that the doctrine is not applicable because Clay was negligent in failing to exercise caution for his own safety. This ground for objection is without merit because the question of whether Clay was negligent was for the jury to determine.[1]

Perry presents a second ground for this objection that differs from the ground given at trial, and it is therefore deemed waived.[2]

2. Perry also enumerates as error the trial court's giving of plaintiff's request to charge nos. 4, 9, 10, and 11. He argues that giving these charges had the cumulative effect of charging the jury that Perry was the guarantor of Clay's safety. One of these charges discusses what is to be taken into account in determining whether a driver exercised due diligence. A second charge explains that drivers must be on the lookout for pedestrians. The remaining two charges explain the duty of both pedestrians and drivers and that both must be on the lookout for each other. We see no undue repetition in the charges and no inference that Perry was the guarantor of Clay's safety.[3]

---

[1] See Holt v. Scott, 226 Ga. App. 812, 815 (2) (487 SE2d 657) (1997); Beringause v. Fogleman Truck Lines, 200 Ga. App. 822-823 (1) (409 SE2d 524) (1991); see also Ga. Ports Auth. v. Hutchinson, 209 Ga. App. 726, 729 (8) (434 SE2d 791) (1993).

[2] See Luxenberg v. Griffith, 237 Ga. App. 201, 202-203 (1) (514 SE2d 63) (1999) (this court cannot consider an objection or basis for appeal different from that presented to and ruled upon by the trial court).

[3] Cf. Southern Cellular Telecom v. Banks, 208 Ga. App. 286, 289 (6) (431 SE2d 115) (1993).

3. Perry contends that the court erred in allowing two demonstrative exhibits which illustrated Clay's injuries to go out with the jury because they served as a "continuing witness." Pretermitting the waiver effect of Perry failing to include these exhibits in the appellate record,[4] we hold that the "continuing witness" objection "does not apply to items of evidence such as drawings or other documents which are 'demonstrative evidence that serve only to *illustrate* testimony given by the witnesses.' "[5] Clay's physician stated that the illustrations were an accurate depiction of both Clay's injuries and the surgery he performed on Clay's ankle.[6] Therefore, Perry's objection was without merit.

4. Clay's motion for imposition of a frivolous appeal penalty against Perry is denied.

*Judgment affirmed. Eldridge, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED JUNE 12, 2001.

*Russell, Stell, Smith & McLocklin, John E. Stell, Jr.,* for appellant.

*Hyatt & Hyatt, John M. Hyatt, Hoyt L. Bradford,* for appellee.

---

[4] *Morrissette v. State,* 229 Ga. App. 420, 425-426 (494 SE2d 8) (1997) (on motion for reconsideration) (burden on appellant to complete record).

[5] (Citations omitted; emphasis in original.) *MARTA v. Green Intl.,* 235 Ga. App. 419, 424-425 (3) (a) (509 SE2d 674) (1998).

[6] Perry also argues that there were statements on the illustrations which also acted as a "continuing witness." As these exhibits were not included in the record, nothing in the record substantiates Perry's argument.