## S04A0625. NOWLIN v. DAVIS et al.
### (599 SE2d 128)

FLETCHER, Chief Justice.

In accordance with a 1997 jury verdict, a Fulton County trial court ordered Valesta Nowlin to convey certain real estate to Pamela Davis for the sum of $17,000. Several years later the conveyance had still not occurred, and Davis filed a petition for contempt. The trial court entered a second order mandating conveyance for the original $17,000 sum plus 12% interest since the date of the original judgment, and Nowlin appeals. Because the trial court did not abuse its broad discretion in enforcing its original order, we affirm.[1]

On February 13, 1996, the parties entered into a contract for the sale of real estate in DeKalb County.[2] On April 29, 1996, Davis sued Nowlin for specific performance and breach of contract. On September 25, 1997, the trial court entered judgment on the jury verdict and

---

[1] Cases involving contempt of court are not within this Court's appellate jurisdiction. See *Vines v. State*, 194 Ga. 442 (21 SE2d 853) (1942). Neither are cases involving contracts to sell real estate simply because they result in the granting of specific performance. See *Lee v. Green Land Co.*, 272 Ga. 107 (527 SE2d 204) (2000). Therefore, despite the trial court's discussion of equitable principles in its second order and its grant of an equitable remedy, this appeal is not an equity case within our appellate jurisdiction. In the interest of judicial economy, however, we will resolve the appeal on its merits.

[2] Co-plaintiff/appellee Rob Williams, Sr. was the real estate agent signing for the broker in this contract, and was added as a plaintiff in connection with the original lawsuit between the parties. See *Nowlin v. Davis*, 245 Ga. App. 821, 822 & n. 2 (538 SE2d 900) (2000).

ordered Nowlin to convey the property to Davis for $17,000. Nowlin appealed, and the Court of Appeals affirmed in September 2000.[3] On January 14, 2003, Davis filed a petition for contempt to compel Nowlin to sell her the property pursuant to the 1997 judgment. The trial court held a hearing on the petition on May 30, 2003. On June 9, 2003, the trial court ordered Davis to pay Nowlin $17,000 plus 12% interest from the date of the original judgment, and ordered Nowlin to transfer title to the property to Davis upon payment. Nowlin appeals, contending that she should not be required to convey the property, and in the alternative, that she should be reimbursed for various sums if conveyance is required.

OCGA § 23-4-31 provides that "[a] superior court shall have full power to mold its decrees so as to meet the exigencies of each case and shall have full power to enforce its decrees when rendered." In addition, " 'the discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused.' "[4] In a similar case, we affirmed the use of a second decree to compel specific performance of an obligation to sell land, which decree also "made further direction concerning payment of the purchase price."[5] Based on our review of the record and the trial court's second order, we conclude that the trial court did not abuse its broad discretion in balancing the equities and entering a second order requiring conveyance of the property in exchange for payment of the original sum plus interest, and refusing to order either party to reimburse the other for taxes, maintenance, or rental value related to the property. Therefore, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2004 —
RECONSIDERATION DENIED JULY 29, 2004.

*Glenville Haldi*, for appellant.
*Germano & Kimmey, John L. Kimmey III*, for appellees.

---

[3] Id. at 822-823.

[4] *R.R.R. Limited Partnership v. Recreational Svcs.*, 267 Ga. 757, 758 (3) (481 SE2d 225) (1997), quoting *Hayden v. Phinizy*, 67 Ga. 758, 760 (2) (1881). See also *Bregman v. Rosenthal*, 212 Ga. 95, 98 (90 SE2d 561) (1955).

[5] *Gallogly v. Bradco, Inc.*, 260 Ga. 311, 311 (392 SE2d 529) (1990).