S05F0547. FRANCIS v. FRANCIS.
(611 SE2d 45)

CARLEY, Justice.

Mark Francis (Husband) filed this divorce action against Kazuko Francis (Wife). The trial court ordered, over Husband's objection, both parties and their minor child to undergo psychological evaluations by Dr. Jacqueline Hill. Dr. Hill testified at a bench trial, and the trial court entered a final divorce decree awarding physical custody of the child to Wife. Husband applied pro se for a discretionary appeal, which we granted pursuant to our Pilot Project in divorce cases.

Husband contends that the trial court erred in appointing Dr. Hill to perform a custody evaluation. In making that assertion on appeal, he is limited to those objections which he timely raised below. "This state has long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error. [Cit.]" *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806)

(1997). See also *Spickler v. State*, 276 Ga. 164, 166-167 (5) (575 SE2d 482) (2003); *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1) (476 SE2d 722) (1996). Furthermore, " '[o]bjecting on specific grounds waives the grounds not asserted.' [Cit.]" *Luxenberg v. Griffith*, 237 Ga. App. 201, 202 (1) (514 SE2d 63) (1999). Thus, the failure to make an objection which is both timely and specific is treated as a waiver. *Seabrooks v. State*, 251 Ga. 564, 567 (1) (308 SE2d 160) (1983). " 'The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching (or) shifting.' [Cit.]" *Luxenberg v. Griffith*, supra.

Prior to Dr. Hill's appointment, counsel for Husband objected only on the basis that his client did not desire to incur the expense and did not need a psychological evaluation. Not until trial, almost one and a half years later, did Husband's new attorney object on the basis that, on a single occasion prior to the appointment of Dr. Hill, Wife had consulted with and paid her for psychological advice or evaluation. In making that objection below, Husband did not contend that he did not have knowledge of these facts at the time of the appointment. See *Pope v. State*, 256 Ga. 195, 214 (26) (345 SE2d 831) (1986) (to be timely, a motion to recuse must be made as soon as the facts demonstrating the basis for disqualification become known), overruled on other grounds, *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999); *Thurman v. State*, 249 Ga. App. 390 (1) (547 SE2d 715) (2001). Moreover, he does not contend on appeal that, when Dr. Hill was appointed, he did not know about her prior consultation with Wife.

On appeal, Husband's sole contention is that Dr. Hill should not have been appointed because of her prior consultation with Wife. However, the trial court correctly held that Husband waived that ground of objection to Dr. Hill's appointment, by failing to raise it until trial.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005 —
RECONSIDERATION DENIED APRIL 14, 2005.

Mark A. Francis, *pro se.*
*Ian M. Falcone, Jennifer Y. Zimmerman*, for appellee.