## A09A0214. WYATT PROCESSING, LLC v. BELL IRRIGATION, INC.

(679 SE2d 63)

SMITH, Presiding Judge.

Wyatt Processing, LLC appeals the trial court's order finding it in contempt of an order compelling post-judgment discovery. Given the trial court's broad discretion in controlling discovery and enforcing compliance through its contempt powers, the trial court did not abuse its discretion in finding Wyatt in contempt and ordering it to account for missing funds, to pay Bell's attorney fees, and to pay a daily penalty until the post-judgment discovery was answered. We therefore affirm.

In September 2005, after a bench trial, Bell obtained a judgment against Wyatt in the amount of $79,828.44, plus interest and costs. Post-judgment interrogatories and requests for production were served but not answered, and in March 2006, Bell filed a motion to compel discovery. In April 2006, the trial court ordered Wyatt to respond to the post-judgment discovery and awarded attorney fees.

Counsel for Wyatt represented to Bell's counsel that Wyatt was insolvent and defunct. But this was not in fact the case. Wyatt was not only an active corporation; it received $300,000 in settlement of an outstanding claim in bankruptcy, and that money was funneled through Wyatt and distributed to its principals instead of being used to pay the outstanding judgment. When Bell became aware of this deception, it filed the subject motion for contempt.

After a hearing, the trial court found Wyatt in wilful contempt of its order compelling discovery. The court ordered Wyatt to pay $200 per day into the registry of the court until post-judgment discovery was complete, retroactive to the date of the hearing. That daily fine would be suspended if Wyatt promptly paid the judgment. The trial court also ordered Wyatt to pay Bell's attorney fees and to provide an accounting of any monies received from the bankruptcy estate or any other source. This appeal followed.[1]

> Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion. This policy is peculiarly applicable in the context of allegations of discovery abuse. [Cit.]

*Collins v. Dickman*, 295 Ga. App. 601 (1) (672 SE2d 433) (2008). And

---

[1] We note that Wyatt failed to order or pay for the filing of the transcript, which would justify dismissal of the appeal but for the fact that Bell paid for and filed the transcript in order to defend the ruling in its favor.

"the discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused." (Citations, punctuation and footnote omitted.) *Nowlin v. Davis*, 278 Ga. 240, 241 (599 SE2d 128) (2004).

Wyatt's arguments against the imposition of sanctions are without merit. It first argues laches because of Bell's delay in filing its motion. However, Wyatt failed to raise this issue at the hearing, and it filed no brief in response to Bell's motion for contempt. "On appeal, this court does not review issues which were not raised and ruled on below. [Cit.]" *Tyler v. Bennett*, 215 Ga. App. 87, 88 (2) (449 SE2d 666) (1994). In addition, as Bell points out, this is a classic example of "unclean hands" which negates the equitable principle of laches. OCGA § 23-1-10; *Fuller v. Fuller*, 211 Ga. 201, 202 (84 SE2d 665) (1954) ("As a general rule, equity will not grant relief to a party who comes into court with unclean hands, or is guilty of an illegal or immoral act. . . . These rules stem from the just and salutary principle that one will not be permitted to profit by his own wrong.") (citations omitted). Having failed to answer interrogatories in fi. fa., and having perpetrated a fraud upon Bell while concealing and distributing money which should have satisfied Bell's outstanding judgment, Wyatt can hardly claim that Bell is responsible for delay that was created by Wyatt's own fraud and concealment. Moreover, *Nowlin*, supra, also involves a contempt order that was entered almost six years after the original order directing the sale of the property at issue; the petition for contempt was filed five and one-half years after the original order. 278 Ga. at 240-241. In contrast, Bell filed its motion for contempt within four months of the distribution of assets from the bankruptcy, which took place after January 2008.

Wyatt next argues that the trial court's penalty of $200 per day until it complies with the order is excessive. But the Georgia Supreme Court approved an identical penalty for failure to obey a trial court's order in *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462-463 (2) (491 SE2d 60) (1997), finding it "coercive, providing an incentive for appellants to comply." Id. at 462. Nor is it retroactive, because the order is nunc pro tunc to the date of the hearing at which Wyatt was found in contempt and ordered to comply with the earlier discovery order, not a date prior to entry of the contempt order. Compare *Grantham v. Universal Tax Systems*, 217 Ga. App. 676, 678 (2) (458 SE2d 870) (1995).

Finally, although it again failed to raise its arguments below and cites no legal authority to support its contentions, Wyatt argues that the trial court had no power to order compliance with its discovery order because post-judgment discovery should not be "ongoing" for

longer than six months. It also argues that the trial court had no power to order an accounting of the monies funneled through Wyatt to its principals. But Wyatt was not merely failing to respond to post-judgment discovery; it ignored a court order to do so. See generally *Ostroff v. Coyner*, 187 Ga. App. 109, 117 (6) (369 SE2d 298) (1988) (trial court has power "to control the details of time, place and scope" of post-judgment discovery and "to impose sanctions for failure to comply with its discovery orders"). And, as noted above, the trial court has broad discretion to craft a remedy for contempt, including remedying harm caused to an innocent party by the contemptuous conduct. See *Gallaher v. Breaux*, 286 Ga. App. 375, 377 (650 SE2d 313) (2007) ("[T]he purpose of civil contempt is to provide a remedy and to obtain compliance with the trial court's orders. [Cit.]"). Such discretion logically includes directing the contemnor to account for funds which should have been identified in post-judgment discovery. The trial court did not err in crafting an order to remedy the harm caused by Wyatt's contemptuous conduct.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED MAY 19, 2009.

*Glen A. Cheney*, for appellant.

*Brown, Rountree & Stewart, Charles H. Brown, George H. Rountree, Laura H. Wheaton*, for appellee.