S12A1065. FOSTER et al. v. WEITZEL et al.

(728 SE2d 684)

BENHAM, Justice.

Nancy Anne Gilbert died on November 27, 2009, after executing a will the same day. In January 2011, the decedent's brother, appellee Arnold Weitzel, and the decedent's only child, appellee Pamela McIlvaine, filed a petition to probate the will in solemn form. No caveat was filed to this petition. Two months later, appellant Louise Foster petitioned the probate court to probate in solemn form a copy of a will purportedly executed by the decedent in September 2008. Appellee Pamela McIlvaine filed a caveat to the Foster petition.

In October 2011, the probate court held a hearing which was not transcribed. At that hearing, the probate court first heard the case for the 2009 will. The probate court found that appellees Weitzel and McIlvaine had met their burden of proving the 2009 will was the true last will and testament of the decedent, that Foster had not shown by a preponderance of the evidence that the 2009 will was otherwise invalid, and that the 2008 will was revoked by the 2009 will's revocation of all prior wills. The trial court ordered the 2009 will admitted to probate and issued letters of administration to appellees. The order also stated that the 2009 will expressly revoked all previous wills and was self-proving. A written order was entered on October 13, 2011, and appellants filed a notice of appeal.

Appellants contend the trial court erred in holding that the 2009 will was legally sufficient to revoke the 2008 will, arguing that the weight of the testimony presented at the hearing did not support the conclusion that the 2009 will was executed with the formality required of a will. "A will shall be in writing and shall be signed by the testator. . . . A will shall be attested and subscribed in the presence of the testator by two or more competent witnesses. . . ." OCGA § 53-4-20 (a), (b). The 2009 will appearing in the record contains what purports to be the signature of the testatrix and the signatures and

attestation of two witnesses that they had subscribed their names to the will in the presence of the testatrix and each other. The appellate record does not contain a transcript of the hearing before the probate court. In the absence of a transcript, "we must assume that the evidence presented was sufficient to support the probate court's findings." *Tanksley v. Parker*, 278 Ga. 877, 878 (608 SE2d 596) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2012.

*Janice L. Mathis*, for appellants.

*Thompson, Meier & King, Dana M. Thompson, John A. Meier II, David W. Lindsey*, for appellees.