**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 4, 2015**

# In the Court of Appeals of Georgia

A15A1100, A15A1101. ROBERTS et al. v. FIRST GEORGIA COMMUNITY BANK et al. (two cases)

PHIPPS, Presiding Judge.

First Georgia Community Bank ("First Georgia") filed in the Superior Court of Butts County a complaint on contract for deficiency judgment, naming as defendants Metropolitan Home Builders, Inc. ("MHB"), Grady A. Roberts, III, Individually ("Roberts"), and Sandra A. Murray, a/k/a Sandra M. Roberts, Individually ("Murray"). In Case No. A15A1100, Roberts and Murray appeal from an order of contempt. In Case No. A15A1101, Roberts and Murray appeal from an order granting a motion they had filed for a supersedeas bond. Because the appellants failed to object below about the specific issues they assert on appeal, and the issues

were neither raised nor ruled on by the trial court, we affirm the judgments from which the appellants appeal.

The appellate record shows the following. In April 2010 and November 2008, service of process was perfected as to Roberts and MHB, respectively. After MHB was served, it filed an answer, defenses, and counterclaim[1]; Roberts did not. On May 17, 2013, First Georgia filed a motion for default judgment against Roberts. On June 12, 2013, service of process was perfected as to Murray. On July 8, 2013, the trial court granted First Georgia's motion for default judgment against Roberts.

On October 22, 2014, relying on OCGA §§ 9-11-37[2] and 9-11-69,[3] First Georgia filed a motion to compel and for sanctions (and a supporting brief), requesting the trial court to issue an order compelling Roberts and Murray to comply with post-judgment discovery and imposing sanctions for their refusal to appear for noticed depositions and to produce documents listed in a subpoena that had been

---

[1] The appellate record reflects that Roberts, as "CEO", signed loan agreements on behalf of MHB.

[2] OCGA § 9-11-37 (providing remedies for the failure of a party to make discovery).

[3] OCGA § 9-11-69 (pertinently providing that the "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution"; and that a judgment creditor may propound discovery in aid of a judgment or execution).

served upon them. The appellate record does not reflect that either Roberts or Murray responded to First Georgia's motion to compel and for sanctions. On November 12, 2014, the trial court entered an order granting First Georgia's motion to compel and for sanctions. Appellants voiced no objection, and the appellate record does not reflect that either appellant complained that they had not received notice of the motion or of the court's order thereon.

On January 7, 2015, the trial court entered an order finding Roberts and Murray in contempt of court for failure to comply with the order entered on November 12, 2014. In the January 7, 2015 order, Roberts and Murray were ordered to be confined for a period of 20 days, or until they purged themselves of contempt by paying the amount they had been ordered to pay in the November 12, 2014 order and by scheduling their respective depositions.

*Case No. A15A1100*

1. Roberts and Murray timely filed a notice of appeal from the January 7, 2015 contempt order, giving rise to Case No. A15A1100. In their sole enumerated error, Roberts and Murray contend that "[i]t was clearly erroneous for the trial Court to grant the Motion to Compel and Sanctions when there was no final judgment

3

pursuant to OCGA § 9-11-54[4].” Roberts and Murray further assert in their appeal brief that the trial court erred in granting the motion to compel and for sanctions when there was no final judgment pursuant to OCGA § 9-11-58 (b).[5] However, Appellants failed to raise these issues below; they did not appear for a noticed hearing; they filed no brief in response to First Georgia's motion to compel and for sanctions which was filed more than a year after they both had been served with process in the case; they did not otherwise object in any manner to either the motion or to the trial court's

---

[4] OCGA § 9-11-54 (b) pertinently provides: “When . . . multiple parties are involved [in an action], the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.” See *Stasco Mechanical Contractors v. Williamson*, 157 Ga. App. 545, 546 (278 SE2d 127) (1981) (“[i]f the alleged liability is joint, a default judgment should not be entered against a defaulting defendant until all of the defendants have defaulted; or if one or more do not default then, as a general proposition, entry of judgment should await an adjudication as to the liability of the nondefaulting defendant(s)”).

[5] OCGA § 9-11-58 (b) requires the filing of a civil case disposition form before the entry of a judgment by the clerk of court. See *Horesh v. DeKinder*, 295 Ga. App. 826, 830 (1) (673 SE2d 311) (2009) (a prevailing party cannot collect on or enforce a judgment until the judgment is entered in compliance with OCGA § 9-11-58 (b)).

judgment thereon; and they made no issue below, nor do they on appeal, as to whether they had received notice of the motion and order.

> Generally, no matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. That is, a party cannot ignore that which he or she thinks to be error, take a chance on a favorable outcome, and complain later.[6]

> Our appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, "He must stand or fall upon the position taken in the trial court." Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court. Although under the "right for any reason" rule this court will affirm the correct ruling of a trial court on grounds not addressed below, we do not apply a "wrong for any reason" rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court.[7]

---

[6] *King v. GenOn Energy Holdings,* 323 Ga. App. 451, 452 (1) (747 SE2d 15) (2013) (citation omitted).

[7] *Alston & Bird LLP v. Mellon Ventures II, L. P*., 307 Ga. App. 640, 648 (6) (b) (706 SE2d 652) (2010) (punctuation and footnote omitted); see generally *Designs Unlimited v. Rodriguez*, 267 Ga. App. 847-848 (601 SE2d 381) (2004); *Lowery v. Atlanta Heart Assoc., P. C.*, 266 Ga. App. 402, 404-405 (2) (597 SE2d 494) (2004).

Appellants failed to object below about the order to compel and for sanctions, and "thus did not give the trial court opportunity to correct the alleged error."[8] A party "may not idly sit by and watch when possible error is presented and on appeal claim error. It is necessary, in order to make the same a basis for appellate review that opposing counsel make proper objection or invoke some ruling of the court."[9] Consequently, in this case the appellants' failure to object and preserve the issue for appellate review deprives the appellants of the right to complain on appeal.[10] The claims of error on appeal were neither raised nor ruled on below, and there is nothing for us to review.[11]

---

[8] *King*, supra.

[9] *DOT v. Brannan*, 278 Ga. App. 717, 719 (629 SE2d 481) (2006).

[10] See *King*, supra; *Lamb v. Javed*, 303 Ga. App. 278, 280 (1) (692 SE2d 861) (2010).

[11] See *Wyatt Processing, LLC v. Bell Irrigation, Inc*., 298 Ga. App. 35, 36 (679 SE2d 63) (2009) ("On appeal, this court does not review issues which were not raised and ruled on below.") (citation and punctuation omitted); *Francis v. Francis*, 279 Ga. 248, 249 (611 SE2d 45) (2005) ("the failure to make an objection which is both timely and specific is treated as a waiver. The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching (or) shifting.") (citation and punctuation omitted); *Crippen v. Outback Steakhouse Intl.*, 321 Ga. App. 167, 170 (1) (741 SE2d 280) (2013) ("Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of

Even assuming, without deciding, that the default judgment against Roberts was not a final order, given that no disposition of First Georgia's claims against MHB or against Murray had been entered,[12] and given that no civil case disposition form had been filed,[13] the appellants fail to present any basis to reverse the trial court's judgment. Pursuant to OCGA § 9-11-69, "in aid of [a] judgment or execution, [a] judgment creditor . . . may . . . [e]xamine any person, including the judgment debtor by taking depositions or propounding interrogatories; . . . [or] [c]ompel the production of documents or things[.]" And pursuant to OCGA § 9-11-37, a party may apply for an order compelling discovery and for the imposition of sanctions for failure to comply with discovery requests; and a trial court may make such orders and take actions specified by that Code section. Appellants cite no authority, and we have found none, stating that a trial court is authorized to grant a post-judgment motion to compel discovery and to impose sanctions for failure to respond to discovery requests

_____

law committed by the trial court where proper exception is taken. One may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court.") (footnote omitted); *Smith v. Cisco*, 316 Ga. App. 871, 878-879 (4) (730 SE2d 583) (2012).

[12] See *Lord v. Holland*, 282 Ga. 890, 892-894 (2) (655 SE2d 602) (2008).

[13] See *Horesh*, supra.

7

in an action against joint defendants only after the entry of a judgment adjudicating liability as to all defendants, or only after a civil case disposition form has been filed.[14]

*Case No. A15A1101*

2. After Roberts and Murray filed their notice of appeal giving rise to Case No. A15A1100, the trial court entered on January 29, 2015, an order granting a motion they had filed for a supersedeas bond. Roberts and Murray timely filed a notice of appeal from the January 29, 2015 order granting a supersedeas bond, giving rise to Case No. A15A1101. Their appeal brief is identical to the appeal brief filed in Case No. A15A1100; the same error is enumerated on appeal, and the same assertions are made. As determined above,[15] there is nothing for us to review regarding the claims of error raised on appeal.[16]

*Judgments affirmed. Doyle, C. J., and Boggs, J., concur.*

---

[14] See e. g., *Horesh*, supra 829 (1) ("As a matter of statutory law, the question of when a judgment is entered for purposes of OCGA § 5-6-34 is not controlled by OCGA § 9-11-58 (b).").

[15] See Division 1, supra.

[16] See *Wyatt Processing, LLC*, supra; *Francis*, supra; *Crippen*, supra; *Smith*, supra.