**SECOND DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 22, 2025**

# In the Court of Appeals of Georgia

A25A1995. IN RE: ESTATE OF ROLAND A. BARRAS.

MCFADDEN, Presiding Judge.

Lisa Barras ("Barras") appeals from the denial of her petition to probate a will, challenging the probate court's ruling that the propounded will had been revoked. But Barras has shown no error in the court's ruling, so we affirm.

1. *Facts and procedural posture*

Barras filed a petition in the Probate Court of Chatham County to probate in solemn form the will of her father Roland A. Barras ("decedent"). The probate court set a hearing for Barras to show cause why the petition should not be denied on the ground that the propounded will had been revoked. After the evidentiary hearing, the

probate court entered an order denying the petition to probate the will on the ground that it had been revoked by the decedent.

In its order, the court made the following findings of fact. After the decedent's death in 2021, Barras and a friend found the will in a box located under the decedent's bed. The decedent executed the will on May 23, 2011, using a form "pulled off the internet by one of [his] relatives and completed without the involvement of legal counsel." The will, which was not self-proving, appeared to have been signed by the decedent and three witnesses. After executing the will in 2011, the decedent made several hand-written alterations to it, none of which were attested to or witnessed.

With a black magic marker, the decedent blacked out an entire paragraph in the section of the will governing disposition of his property; according to testimony from Barras, which the court found to be credible, the blacked-out paragraph had provided for the distribution of certain personal property to the decedent's brother; above the blacked-out paragraph, the decedent made five separate short writings which were also blacked-out, although it appeared that two of them included the date "9/20/15" and the decedent's initials; under the blacked-out paragraph, the decedent added a sentence, dated April 28, 2017, stating that he wanted his entire estate to go to Barras;

despite this alteration expressing the decedent's wish to leave all of his property to Barras, the will still included a paragraph leaving numerous items of personal property, including a boat, to his stepson and another paragraph leaving other personal property to a family friend.

The probate court concluded that the decedent had obliterated or canceled material portions of the will; that under OCGA § 53-4-44, such obliteration or cancellation of material portions of the will created a presumption that the decedent had intended to revoke the will; and that Barras had not met her burden of overcoming that presumption. The court thus denied the petition to probate the will, and this appeal followed.

2. *Default under OCGA § 9-11-55 (a)*

In her first enumeration of error, Barras argues that the probate court exceeded its authority by requiring her to show that the will had not been revoked because the case was in default under OCGA § 9-11-55 (a). Her reliance on that code section is misplaced because OCGA § 15-9-47 "shall govern in proceedings pertaining to defaults in the probate court, and the provisions of Code Section 9-11-55 shall not be applicable to such proceedings." OCGA § 15-9-47 (b). Moreover, even if Barras had

relied on the correct statute, she has not shown that this issue was ever "raised [or] ruled on below, [so] there is nothing for us to review." *Roberts v. First Ga. Cmty. Bank*, 335 Ga. App. 228, 231 (1) (779 SE2d 113) (2015). See also *Wyatt Processing v. Bell Irrigation*, 298 Ga. App. 35, 36 (679 SE2d 63) (2009) (appellate court does not review issues which were not raised and ruled on below).

3. *Revocation*

Barras contends that the probate court erred in refusing to probate the will on the ground that the decedent had revoked it. We disagree.

"A will may be changed or revoked by the testator at any time prior to the testator's death." OCGA § 53-4-40. "An express revocation occurs when the testator by writing or action expressly annuls a will. An express revocation takes effect instantly." OCGA § 53-4-42 (b).

> An express revocation may be effected by any destruction or obliteration of the will done by the testator with an intent to revoke or by another at the testator's direction. The intent to revoke shall be presumed from the obliteration or cancellation of a material portion of the will, but such presumption may be overcome by a preponderance of the evidence.

OCGA § 53-4-44.

Here, the probate court did not err in finding that the decedent had obliterated or canceled a material portion of the will by blacking-out an entire paragraph which distributed certain property to a named beneficiary other than Barras. See *Lovell v. Anderson*, 272 Ga. 675, 676 (1) (533 SE2d 64) (2000) (striking through the names of beneficiaries with ink was an obliteration of a material portion of a will); *Carter v. First United Methodist Church*, 246 Ga. 352, 354 (2) (271 SE2d 493) (1980) (the drawing of pencil lines through provisions of a will is a sufficient canceling of those provisions). The court then correctly determined that such a material obliteration or cancellation gave rise to a rebuttable presumption under OCGA § 53-4-44 that the decedent intended to revoke his entire will. *Lovell*, supra. See also *Mosley v. Lancaster*, 296 Ga. 862, 868 (3) (770 SE2d 873) (2015) ("obliteration or cancellation of a material portion of the . . . [w]ill raised a presumption that [d]ecedent intended to revoke that will, see OCGA § 53-4-44"); *Peterson v. Harrell*, 286 Ga. 546, 547 (2) (690 SE2d 151) (2010) ("The intent to revoke the will in its entirety shall be presumed from the obliteration or cancellation of a material portion of the will, but such presumption may be overcome by a preponderance of the evidence. OCGA § 53-4-44.").

As for the probate court's finding that Barras failed to rebut that presumption by a preponderance of the evidence, Barras has not addressed OCGA § 53-4-44 in her claim of error. She has not cited it in her enumeration or argument, not mentioned or addressed the presumption created by it, and not argued that she rebutted the presumption by a preponderance of the evidence. Moreover, as Barras concedes, there is no transcript of the evidentiary hearing held before the probate court. "In the absence of a transcript, we must assume that the evidence presented was sufficient to support the probate court's findings." *Foster v. Weitzel*, 291 Ga. 305, 306 (728 SE2d 684) (2012) (citation and punctuation omitted). Accord *Sherard v. Aldridge*, 251 Ga. App. 445, 447 (1) (554 SE2d 590) (2001) (absent a transcript of probate court proceedings, "reviewing court must presume that the evidence authorized the judgment"). Accordingly, the probate court's finding that Barras failed to rebut the presumption that the will had been revoked by a preponderance of the evidence, and the denial of her petition on that basis, must be affirmed.

*Judgment affirmed. Gobeil and Davis, JJ., concur.*