## S93A0133. BURKE v. BURKE.

(429 SE2d 85)

HUNSTEIN, Justice.

Appellee brought a contempt action against appellant, her former husband, for failure to pay alimony and child support under the terms of a temporary order entered May 30, 1990. Following a ruling against appellant on his motion for reconsideration of the temporary order, the trial court entered an order on October 1, 1990 holding appellant in contempt. Appellant purged himself of this contempt but later defaulted on additional terms of the temporary order causing appellee to file another contempt motion on June 3, 1991. On June 27, 1991 appellant filed a Chapter 11 bankruptcy petition; the bankruptcy judge subsequently entered a consent order affording appellee "relief from the automatic stay for the purpose of going forward with all aspects of the divorce action pending in DeKalb Superior Court, including distribution of property and determination of alimony, maintenance and support." Thereafter, on February 28, 1992 counsel for the parties informed the trial court that the parties had achieved a settlement on "all issues" of the divorce proceeding. Counsel tendered a "memorandum of agreement" signed by the parties which, together with certain additional terms announced in court and transcribed by the court reporter, reflected the final settlement reached between the parties. The parties thereupon affirmed on the record their intention that the agreement, as modified during the proceeding, was to serve as the final agreement subject to incorporation into the final judgment and decree. On August 5, 1992 the trial court, sua sponte, entered a final judgment and decree incorporating the "memorandum of agreement" and the transcribed settlement stipulations. Relying on language contained in the "memorandum of agreement," which provided for an automatic finding of contempt of the May 1990 order, the trial court simultaneously ordered that appellant be incarcerated until such time as he purged himself of the contempt finding

by paying $125,000 to the appellee in scheduled amounts.[1] We granted appellant's application for discretionary review to decide whether the trial court erred by failing to hold a hearing before entering the contempt order.

1. Appellant's contention that the trial court lacked authority to incorporate the "memorandum of agreement" into the final judgment and decree of divorce on the ground that the parties did not intend it to be the full and final agreement is without merit.

2. Appellant contends that the trial court erred by incarcerating him for contempt without benefit of a hearing and proof that the order of the trial court had been violated.

> In cases of contempt the trial judge is vested with a discretion in determining whether his orders have been violated and how such infringements should be treated; and it has been said that this court will not disturb his judgment, unless it appears that he has abused his discretion. [Cits.]

*Patten v. Miller*, 190 Ga. 152, 159 (8 SE2d 786) (1940). In the present case no hearing was required to determine whether a violation of the May 1990 order had occurred inasmuch as appellant consented to entry of a contempt order finding he had failed to comply with a previous order of the court. Cf. *Edwards v. Edwards*, 224 Ga. 224 (160 SE2d 830) (1968) (proof required to show that respondent had failed to comply with an order). However, in Georgia, a trial court cannot order incarceration pursuant to a self-effectuating order, regarding future acts, without benefit of a hearing. *Floyd v. Floyd*, 247 Ga. 551 (1), (2) (277 SE2d 658) (1981). See also *Foster v. Foster*, 178 Ga. 791 (5) (174 SE 532) (1934). Although appellant consented to a finding of an automatic *violation*, he did not consent to entry of an automatic *sanction*, especially incarceration. Therefore, the order adjudging appellant in automatic contempt was improper in that it precluded a hearing to establish the appropriate sanction for his infringement of the temporary order. For the foregoing reasons that portion of the

---

[1] The language of the agreement, upon which the trial court relied to find the appellant in contempt, provided as follows:

Mr. Burke would consent to the entry of a contempt Order finding him in arrears in the sum of $125,000.00 for support and alimony due under the Temporary Order. He would be allowed to purge himself of this finding of contempt by paying Mrs. Burke the sum of $50,000.00 in past due child support within three (3) months from the date of this Order or upon the sale of [appellant's business], whichever event first occurs. Additional $25,000.00 payments would be paid on the first, second and third year anniversaries of the Final Decree, a total of $75,000.00. Mr. Burke would agree to pay interest on this $75,000.00 at the rate of ten (10%) percent on any portion of the unpaid balance until the total arrearage has been paid in full. This ten (10%) per annum would be construed as additional alimony/child support.

order incarcerating appellant for contempt is vacated and the case is remanded with instruction that a hearing be held " 'to permit the judge the opportunity of exercising a proper discretion,' [cit.]" *Cameron v. Richards*, 246 Ga. 231, 232 (271 SE2d 146) (1980), with regard to the imposition of sanctions for the contempt.

3. Appellant avers that because he filed a petition for bankruptcy relief the trial court is barred from entering a contempt order by the automatic stay provided for at 11 USC § 362 (a). We disagree. Given that the consent order issued by the bankruptcy court provided that the automatic stay would be lifted for the purpose of proceeding with *all* aspects of the pending divorce action, we interpret this language as granting relief from the automatic stay provisions with regard to the issue of contempt, with the result that the trial court would not be foreclosed from exercising its contempt powers.

*Judgment vacated and remanded with direction. All the Justices concur.*

DECIDED MAY 3, 1993 —
RECONSIDERATION DENIED MAY 27, 1993.

*Wilson, Strickland & Benson, Robert G. Wellon, Samuel T. Brannan III*, for appellant.
*Simmons, Warren & Szczecko, Joseph Szczecko*, for appellee.