## A98A0657. HINELY v. HINELY.
(501 SE2d 20)

JOHNSON, Judge.

Joseph Hinely appeals the trial court's order finding him in civil contempt for failing to pay over $8,000 in child support expenses. The trial court found Mr. Hinely in contempt for wilfully refusing to pay past obligations and directed that he pay the arrearage within 30 days or go to jail for 20 days. The order contains an additional provision authorizing future summary contempt and incarceration with neither notice nor a hearing if Mr. Hinely violates any part of the order. For reasons which follow, we affirm the trial court's judgment holding Hinely in contempt, but remand with directions to strike that portion of the order related to possible future summary contempt.

1. Mr. Hinely contends the trial court erred in finding that he was in wilful contempt and in refusing to apply the doctrine of laches to the contempt action. It is Mr. Hinely's duty, as appellant, to provide this Court with a record that will enable us to perform an objective review of the evidence and proceedings and determine whether the order appealed from is erroneous. OCGA § 5-6-41 (c). Where a complete transcript of the evidence adduced at trial is necessary, as in the present case, and the appellant omits it from the record on appeal or fails to submit a statutorily authorized substitute, we must assume the judgment below and the trial court's actions are correct and supported by the evidence, and we must affirm. *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990). Consequently, we presume that the evidence authorized a finding that Mr. Hinely was in wilful contempt and that the doctrine of laches did not apply in this case.

2. Mr. Hinely further contends the trial court erred by including in the contempt order a provision which allows Ms. Hinely to have Mr. Hinely incarcerated merely by making an affidavit. We agree.

The trial court's order provides: "Upon Defendant's failure to meet any of the aforementioned conditions, and upon a sworn affidavit being submitted to this Court by Plaintiff indicating Defendant's failure to abide by the above-described conditions, this Court shall enter an Order directing the Sheriff of Chatham County to incarcerate Defendant in the Chatham County Jail to begin serving the above-described twenty (20) day jail sentence." There is no provision for any notice to Mr. Hinely nor any opportunity for Mr. Hinely to defend himself in a hearing.

To comport with due process, Mr. Hinely must receive reasonable notice of the contempt proceeding and must be given a hearing on the matter. See *Brown v. King*, 266 Ga. 890 (472 SE2d 65) (1996); *Gibson v. Gibson*, 234 Ga. 528 (216 SE2d 824) (1975). Because the trial court's contempt order threatens Mr. Hinely's due process rights by

subjecting him to summary imprisonment, this provision must be stricken.

Ms. Hinely argues that an additional hearing is not necessary to comport with due process because the provision at issue involves only past due sums owed by Mr. Hinely. This is incorrect. The trial court's order also contains the following provision: "Hereafter, if Plaintiff asserts that Defendant is in arrears, she shall provide Defendant with a documented expense request, and Defendant will within thirty (30) days thereafter pay all such expenses that are required under this Court's Orders." This clause is followed by the provision at issue, providing that Mr. Hinely's failure to meet this condition will result in his incarceration.

It is well established that a trial court cannot order incarceration pursuant to a self-effectuating order regarding future acts without benefit of a hearing. *Burke v. Burke*, 263 Ga. 141, 142 (2) (429 SE2d 85) (1993); *Killmaster v. Killmaster*, 208 Ga. App. 449, 450 (2) (430 SE2d 817) (1993). Thus, while the remainder of the trial court's contempt order is proper based on our findings in Division 1, the portion of the order adjudging Mr. Hinely in automatic contempt for nonpayment of future amounts on the basis of Ms. Hinely's affidavit and mandating incarceration for such contempt is improper in that it precludes a hearing to establish whether Mr. Hinely is actually in contempt and to establish the appropriate sanction if he is, in fact, found in contempt. Such a provision is unconstitutional. Upon remand, it is hereby ordered that the trial court strike this provision from its contempt order. *Roehl v. O'Keefe*, 243 Ga. 696, 697 (3) (256 SE2d 375) (1979).

*Judgment affirmed. Case remanded with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED MARCH 31, 1998 —
RECONSIDERATION DENIED APRIL 14, 1998 — ▮▮▮▮▮

*Calhoun, Cerbone & Sapp, John R. Calhoun*, for appellant.
*Harold J. Cronk*, for appellee.