## S06A2014. ROQUEMORE v. BURGESS.
### (642 SE2d 41)

BENHAM, Justice.

William D. Roquemore and Sandra C. Burgess were divorced in September 2002. Incorporated into the divorce decree was an agreement which obligated Roquemore to pay Burgess $15,000 in consideration of her relinquishment of her interest in the marital home and certain businesses. The agreement, which provided that the marital home and the businesses would "become the exclusive properties and debts" of Roquemore, also provided that the money would be paid to Burgess "upon the sale of the home . . . or at any time before sale upon the election of" Roquemore, and that the "payment will further be secured by the life insurance proceeds" of a policy the agreement required Roquemore to maintain. The insurance provision of the agreement required Roquemore to maintain life insurance coverage with Burgess as beneficiary of the first $40,000 of coverage, and provided that Burgess's entitlement to the funds would be reduced by any of the $15,000 she had received. When the $15,000 had not been paid to her by August 2005, Burgess filed a contempt action. In November 2005, the trial court entered an order requiring the parties to have the property appraised by an independent third party, list the

property for sale at the appraised value, and accept any offer within five percent of the appraised value. The appraisal was to take place within five days, and if the property had not sold in six months, Burgess was to take over listing the property. Burgess subsequently filed a motion for reconsideration of her contempt motion and the trial court, after a hearing, entered an order holding Roquemore in contempt and providing he could purge himself of contempt by complying with the November 2005 order. In the most recent order, the trial court held that although the decree did not specify a time for performance, Roquemore should have sold the property within a reasonable time and that Roquemore had not made a good faith effort to comply with the decree. This Court granted Roquemore's application for discretionary appeal of the contempt order.

"While the trial court has broad discretion to determine whether the decree has been violated and has authority to interpret and clarify the decree, it does not have the power in a contempt proceeding to modify the terms of the agreement or decree." *Dohn v. Dohn*, 276 Ga. 826, 828 (584 SE2d 250) (2003). Roquemore complains the trial court exceeded its authority by modifying the decree and Burgess counters that the trial court's order did not modify the divorce decree, but merely interpreted it. Resolution of that issue will control the outcome of this appeal.

Implicit in the trial court's treatment of the decree and the parties' agreement incorporated into the decree is an assumption that the decree required Roquemore to sell the marital home and pay Burgess from the proceeds. However, our review of the agreement does not support that basic assumption.

> It is well-established that the usual rules of contract construction should be employed when determining the meaning and effect of a divorce settlement agreement. [Cits.] The cardinal rule of contract construction is to ascertain the intent of the parties at the time they entered the agreement. If that intention is lawful and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical and arbitrary rules of construction.

*Pate v. Pate*, 280 Ga. 796-797 (1) (631 SE2d 103) (2006).

There is no explicit requirement in the agreement that Roquemore sell the home and no time is specified for the payment of $15,000 to Burgess. Several parts of the agreement are at odds with the assumption the parties intended the house be sold. The agreement specifically provided Burgess would quitclaim her interest in the home which would then be the exclusive property of Roquemore, as would the debt on it. The portion of the agreement giving him the

right to pay her $15,000 before selling the house undermines the notion that the decree requires the sale of the house or that the funds necessarily were to come from the proceeds of a sale of the house since payment prior to the sale would certainly alleviate any need to sell. Likewise, the provision securing the payment of the $15,000 from the proceeds of a life insurance policy Roquemore was required to maintain indicates the parties contemplated he might not pay her the $15,000 while he was alive. The agreement provides three alternative sources for the payment, only one of which involved a sale of the home: Roquemore's own funds, if he so elected; the proceeds from a sale of the home; or an insurance policy Roquemore was required to maintain. If, as it appears from the language of the agreement, any of those three sources would be acceptable, a sale of the house would not be mandatory.

"It is the function of the court to construe the contract as written and not to make a new contract for the parties." (Punctuation omitted.) *Georgia Magnetic Imaging v. Greene County Hosp. Auth.*, 219 Ga. App. 502, 504 (1) (466 SE2d 41) (1995). The settlement agreement, as written, requires Roquemore to pay Burgess $15,000 and gives him the option of paying it from any of three sources. The fact that two of those sources are independent of any sale of the marital home contradicts the assertion by Burgess and the assumption by the trial court that Roquemore was required by the agreement incorporated into the decree to sell the house and pay Burgess from the proceeds.

Since the agreement cannot be read to establish an intent of the parties that Roquemore be required to sell the marital home and pay Burgess from the proceeds, the trial court's order creating such a requirement amounted to a modification of the decree, not an interpretation. Since the trial court was not authorized to modify the decree (*Dohn v. Dohn*, supra), its orders requiring a sale of the home and holding Roquemore in contempt for failing to sell the home must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 5, 2007.

*Martin L. Fierman*, for appellant.
*Donald W. Huskins*, for appellee.