S11A0488. DOANE v. LECORNU.

(711 SE2d 673)

NAHMIAS, Justice.

Appellant Michael Doane and appellee Cynthia LeCornu married in 1996. On October 18, 2007, LeCornu filed for divorce, and on June 30, 2008, the parties signed a Divorce Settlement Agreement, which the trial court incorporated into the final divorce decree entered on July 2, 2008. Among other provisions, Doane received the parties' lake house in Toccoa and was required to pay LeCornu $73,000 for her interest in the property in three installments. The

first installment of $20,000 was due on July 10, 2008; the second installment of $20,000 was due on October 2, 2008; and the final installment of $33,000 was due on July 2, 2009. The decree also required Doane to pay LeCornu $2,103.61 each month for child support and maintenance of the marital residence until it could be sold.

Doane failed to make the first installment payment on the lake house, and he also missed the July and August child support and home maintenance payments. Thus, on August 6, 2008, LeCornu filed an application for contempt. The contempt hearing took place on December 4, 2008. By that time, Doane had made the first installment payment on the lake house and paid half of the second installment, leaving a balance of $43,000 due to LeCornu. LeCornu amended her contempt application on the day of the hearing to note that the second installment payment had become due, but that Doane had willfully failed to pay more than half of it.

On December 19, 2008, the trial court entered an order on the original application holding Doane in contempt for willfully failing to make the full July and August child support and maintenance payments. Doane was ordered to pay the arrearage of $4,041.73 by January 1, 2009, as well as $2,500 in attorney fees. This contempt order did not mention the lake property, which was instead the subject of a "Final Consent Order" filed on March 23, 2009. In it, the court ordered Doane to pay LeCornu the balance due for her interest in the lake house and to remove her name from the property by June 30, 2010. Doane did not appeal the first contempt order or the final consent order.

On April 1, 2010, LeCornu filed another application for contempt, and after Doane missed the June 30 deadline set in the final consent order, she amended the application to add that allegation. Both parties appeared at the contempt hearing on July 12, 2010. The next day, the trial court entered a second contempt order. The court held Doane in contempt of the final consent order for willfully failing to remove LeCornu's name from the lake house and pay her the $43,000 he owed her. The court ordered Doane to immediately place the lake house on the market for sale, to pay LeCornu $43,000 from the sale proceeds within five days of receipt, and to immediately pay her $6,733.12 in attorney fees. In the event Doane failed to comply, the court ordered him to appear in court on September 27, 2010, to explain his failure to purge the contempt.

We granted Doane's application for discretionary review of the second contempt order.

1. Doane contends that the trial court impermissibly modified the divorce decree by requiring him to put the lake house on the market and pay LeCornu the money he owed her from the proceeds

of the sale. We must agree. The divorce decree required Doane to complete paying LeCornu $73,000 for her interest in the lake house by July 2, 2009. The unappealed final consent order set a new deadline of June 30, 2010, to pay the balance due and added the requirement that Doane remove LeCornu's name from the property by the same date. The record supports the trial court's finding that Doane willfully failed to meet the extended deadline, and the court therefore did not abuse its discretion in holding Doane in contempt of the final consent order. See *Pate v. Pate,* 280 Ga. 796, 798 (631 SE2d 103) (2006) ("If there is any evidence in the record to support the trial judge's determination that a party has willfully disobeyed a trial court's order, the decision of the trial court will be affirmed on appeal.").

However, the court erred in ordering Doane to sell the lake house in order to pay LeCornu the $43,000 he owed her. Although the contempt order may seem reasonable, it violates "the firm rule we have established against modifying the property division provisions of a final divorce decree." *Darroch v. Willis,* 286 Ga. 566, 570 (690 SE2d 410) (2010). "[W]e have not allowed trial courts later to compel a party who was awarded a specific asset to sell or otherwise convert that asset in order to comply with some other provision of the decree." Id. at 570-571. The divorce decree did not award the lake house to Doane on condition that he sell it by a date certain, or specify that the lake house would be sold if Doane failed to pay LeCornu the $73,000 for her interest. The first contempt order did not purport to require Doane to sell the lake house. The final consent order, to which Doane agreed and which he did not appeal, also did not require him to sell the house, although it did add the requirement that he remove LeCornu's name from the property. Accordingly, the requirement in the second contempt order that Doane put the lake house on the market and pay LeCornu the money he owes her from the proceeds "amounted to a modification . . . , not an interpretation" of the prior orders, which we must reverse. Id. at 569-570. See also *Roquemore v. Burgess,* 281 Ga. 593, 594 (642 SE2d 41) (2007) (finding the court's order to sell property awarded to the husband to be an impermissible modification of the divorce decree).

"Our ruling does not mean that the trial court is left with no effective means of enforcing" the divorce decree and the final consent order. *Darroch,* 286 Ga. at 571. Doane must still pay LeCornu $43,000 and remove her name from the lake house property, and the trial court has ample means to compel his compliance. Thus, if Doane still has not fulfilled his obligations, the trial court on remand might order him to pay LeCornu a significant sum every day, or even incarcerate him, until he purges the contempt. Doane may find the purge conditions imposed on remand to be far more

draconian than those imposed by the order he has successfully appealed, and he may even decide to sell the lake house to comply with his obligations and avoid these consequences. "If that happens, however, it will be based upon [his] decision to take that action with the house specifically awarded to him in the divorce decree, rather than the trial court's impermissible direct modification of that component of the decree's property division." Id. at 572.

2. Doane also argues that the trial court erred in finding that he still owes LeCornu $43,000 instead of $33,000 for her interest in the lake house. As Doane correctly claims, LeCornu's first contempt application, as amended, alleged that both the first and second installment payments were then due, and the court's first contempt order, which was entered after the first and second installment payments had become due, stated that "[t]he Court further finds that Respondent [Doane] is in arrears in the amount of Four Thousand Forty One Dollars and 73/100 ($4,041.73) to Petitioner [LeCornu] for payments due under the Final Judgment and Decree of this Court." According to Doane, this finding is res judicata, and LeCornu cannot claim that she is owed anything more than the third installment of $33,000 for her lake house interest. However, the first contempt order did not address the installment payments for the lake house. That issue was addressed in the final consent order, which reaffirmed that Doane was required to pay LeCornu $73,000 "for her share of the equity in this property" and stated that "[t]he Court finds, and the parties have agreed, that Respondent shall have until June 30, 2010, . . . to fulfill his payment requirements on the lake property and remove Petitioner's name." Doane's agreement to "fulfill the payment requirements on the lake property" was not limited to the third installment payment, and Doane never argued in the trial court that it was. There was some dispute at the second contempt hearing about whether the outstanding balance was $43,000 or $33,000, but that was a factual dispute about whether Doane fully paid the second installment or paid only half of it. The record supports the trial court's finding that the outstanding balance is $43,000 rather than $33,000, and LeCornu is not barred from seeking to recover that amount. Accordingly, the trial court did not err by requiring Doane to pay LeCornu $43,000 for her interest in the lake house.

3. Finally, Doane claims that the attorney fees award was erroneous because the trial court erred in finding him in contempt of court. As explained above, while we are reversing part of the sanction for that contempt, the trial court's finding that Doane was in contempt of the final consent order is fully supported by the record. We therefore reject this enumeration of error.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 13, 2011.

*Kupferman & Golden, Gregory D. Golden,* for appellant.
*Bovis, Kyle & Burch, Charles M. Medlin,* for appellee.