## S13F0682. SMITH v. SMITH.
### (748 SE2d 456)

THOMPSON, Chief Justice.

After almost 24 years of marriage, Joel Smith (husband) and Pamela Smith (wife) were divorced on March 2, 2012, by entry of a final judgment and divorce decree. Husband subsequently was found in wilful contempt for failing to pay for health insurance for wife, failing to make mortgage payments on the marital home, and failing to turn over personal property awarded to wife in the final judgment. The contempt order directed husband to make the required mortgage

---

and insurance payments and to pay wife the fair market value of the personal property he failed to turn over. He also was ordered to pay $500 in attorney fees based on wife's filing of the contempt motion. We granted husband's application for discretionary appeal under Rule 34 (4) of the Rules of the Supreme Court of Georgia in which he challenges the trial court's joint order holding him in contempt of the final judgment and denying his motions for new trial, to set aside or correct the final judgment. Finding no error in the trial court's rulings, we affirm.

1. Husband contends the trial court's contempt order improperly modified the final judgment by awarding wife monetary compensation in lieu of the personal property originally awarded her. The record demonstrates that items of personal property awarded to wife in the final decree and located in the marital home, which was occupied by husband prior to entry of the final decree, were no longer in the marital home when wife took possession. Although husband claimed no knowledge of the whereabouts of this property, wife presented evidence that during the pendency of the divorce proceedings, he had removed at least one truckload of personal property from the home. She also presented uncontested evidence establishing the fair market value of the missing property.

Based on these facts and our review of the record, we cannot agree with husband's characterization of the trial court's award of monetary compensation to wife as an impermissible modification within a contempt proceeding. "[T]he purpose of civil contempt is to provide a remedy and to obtain compliance with the trial court's orders." *Hughes v. Dept. of Human Resources*, 269 Ga. 587, 588 (502 SE2d 233) (1998). OCGA § 23-4-31 provides in this regard that "[a] superior court shall have full power to mold its decrees so as to meet the exigencies of each case and shall have full power to enforce its decrees when rendered." Thus, while a trial court is not authorized to modify the original decree within a contempt proceeding, it may exercise its discretion "to craft a remedy for contempt, including remedying harm caused to an innocent party by the contemptuous conduct." *Wyatt Processing v. Bell Irrigation, Inc.*, 298 Ga. App. 35, 37 (679 SE2d 63) (2009). See *Nowlin v. Davis*, 278 Ga. 240, 241 (599 SE2d 128) (2004) (trial court may impose additional requirements in contempt decree made necessary by party's refusal to obey original order); *R.R.R. Limited Partnership v. Recreational Svcs., Inc.*, 267 Ga..757, 759 (481 SE2d 225) (1997) (trial court may within contempt proceeding remedy a party's failure to comply with court's order).

Applying these principles, we conclude the award to wife of the monetary value of the items husband refused to turn over is a permissible exercise of the trial court's discretion to enforce its order.

The relief awarded in the contempt order, made necessary by husband's refusal to obey the original decree, did not modify that decree but remedied the harm caused by husband's contemptuous conduct. See id.; *Gallogly v. Bradco, Inc.*, 260 Ga. 311 (2) (392 SE2d 529) (1990).

2. We similarly find no abuse of discretion in the trial court's determination that husband was in wilful contempt for failing to make mortgage payments on the marital home and failing to make payments necessary to secure health insurance coverage for wife. It is undisputed that these payments were required by the final decree and were not made, and there was evidence at the hearing to support the trial court's conclusion that husband had the funds necessary to make such payments or the ability to secure the necessary funds. Having found husband in wilful contempt, the trial court was further authorized to award wife attorney fees.[1] See OCGA § 19-6-2. Moreover, because the evidence authorized the trial court to find that husband had the ability to make the mortgage and health insurance payments, the trial court did not abuse its discretion by denying his motion for new trial or to set aside based upon his alleged impossibility to perform.

3. Nor did the trial court err by finding husband in contempt based on his failure to pay wife monies in the savings account the parties commonly referred to as the "truck account." Husband contends that because he spent the funds in this account prior to entry of the final judgment, the court's directive that he pay to wife $4,200 from the truck fund was unclear and uncertain. There is, however, nothing unclear or uncertain about the trial court's award of these funds to wife. Regardless of the nomenclature used by the parties to identify the account, the trial court awarded wife as part of its equitable distribution of marital property $4,200 from this designated account. The uncertainty, if any, arose only as a result of husband's own actions when he depleted the account of the monies awarded to wife and does not excuse him from complying with that portion of the trial court's order directing him to pay her $4,200.

4. Husband argues the final judgment is invalid because it fails to award specific items of personal property to either party. Even assuming the final judgment contains the omission alleged, the failure to dispose of all marital property within a final judgment does not render the judgment itself void or unenforceable. See *Stanley v. Stanley*, 281 Ga. 672 (2) (642 SE2d 94) (2007); *Smith v. Smith*, 281 Ga.

---

[1] Contrary to husband's argument, the trial court's fee award is not based on his failure to pay child support. Accordingly, the fact that he may have purged himself of contempt with regard to child support before entry of the contempt order did not eliminate the trial court's authority to award fees on an alternative basis.

204 (2) (636 SE2d 519) (2006). In addition, the absence from the final judgment of a specific date for wife to take possession of the marital home does not render the judgment invalid inasmuch as the judgment, and therefore wife's right to possession of the home, became enforceable on the date it was entered.

5. In its joint order, the trial court also denied husband's alternative motions for new trial, to set aside, or correct the final judgment in which he alleged, inter alia, newly discovered evidence of adultery. A party seeking a new trial based on newly discovered evidence must demonstrate to the court: (1) that the newly discovered evidence has come to his knowledge since trial; (2) that want of due diligence was not the reason the evidence was not acquired sooner; (3) that the evidence was so material it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. *Roddenberry v. Roddenberry*, 255 Ga. 715, 717 (342 SE2d 464) (1986). A trial court's ruling on such a motion will not be disturbed on appeal absent an abuse of discretion. *Bradley v. Bradley*, 232 Ga. 717, 718 (208 SE2d 817) (1974).

Here, the parties were involved in protracted divorce proceedings during which husband had available to him the opportunity to engage in discovery concerning all issues, including the possibility of any alleged adultery. In addition, the identity of the witness upon whose testimony husband's motion relies was known to him before and during the time of trial and the issue of wife's fidelity was specifically, although briefly, raised at trial. Nevertheless, husband chose not to conduct discovery or cross-examine wife on this issue. Husband, therefore, has failed to show that want of due diligence was not the reason the "newly discovered" evidence was not acquired sooner, and we find no abuse of discretion in the trial court's denial of the motion for new trial on this asserted ground. See *Day v. Day*, 210 Ga. 454 (4) (81 SE2d 6) (1954).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Stewart, Melvin & Frost, Nancy L. Richardson*, for appellant.
*English, Tunkle & Smith, Richard D. Tunkle*, for appellee.