HUNSTEIN, Justice,
concurring.
I concur fully in Divisions 1, 2, 3, and 5 of the majority opinion. As to Division 4,1 also concur but do so only because the trial court declined to find husband in contempt. Had the trial court found husband in contempt for selling the jewelry which the trial court found the parties had agreed would be awarded to wife, I would affirm the trial court’s authority to require that husband comply with his obligations regarding the jewelry prior to receiving any proceeds from the sale of the marital residence. See OCGA § 23-4-31 (“[a] superior court shall have full power to mold its decrees so as to meet the exigencies of each case and shall have full power to enforce its decrees when rendered”); Smith v. Smith, 293 Ga. 563, 565 (1) (748 SE2d 456) (2013) (affirming trial court’s authority to deviate from the letter of the divorce decree as necessary to “remedfy] the harm caused by husband’s contemptuous conduct”).
*426 Decided January 21, 2014.
Domestic relations. Fulton Superior Court. Before Judge Shoob.
Christine M. Stadler, for appellant.
Michael J. O’Hagan, Christy C. Thomann, for appellee.