FINAL COPY
295 Ga. 428

S14A0759. GUNDERSON v. SANDY.

BENHAM, Justice.

Appellant Colleen Gunderson and appellee Ronald Sandy were divorced in 2010. The decree of divorce incorporates the parties' settlement agreement, which provides them with approximately equal physical custody time with their children and includes the following custody provision:

> The parties intend that they both maintain their primary residence in reasonable proximity to the other for so long as any of their children is a minor or is still attending high school full time. Accordingly, neither party shall permanently re-locate his/her primary residence beyond fifteen (15) road miles from [the marital home awarded to Gunderson] for so long as any of their children is a minor or is still attending high school full time.

Gunderson remarried and moved, and at the time Sandy filed his contempt motion, he alleged that she resided 45 miles from the marital home.[1] The parties still have a minor child. The trial court granted Sandy's motion for contempt and ordered Gunderson to "move back into the school district in which [Sandy]

---

[1] Sandy states in his brief that Gunderson has now moved to within about twenty-five miles from the marital home but still resides outside the county and, therefore, outside the child's school district, although this does not appear in the record. Sandy also states that at the contempt motion hearing, in open court, Gunderson agreed to move back within the child's school district, but this is also not in the record, as there is no transcript of the hearing, and the contempt order does not indicate it is a consent order. Accordingly, this assertion does not appear to make the appeal moot.

lives and in which the parties' minor child attends school." We granted Gunderson's application for discretionary appeal in order to examine the question of whether the trial court's contempt order impermissibly modified the parties' divorce decree.[2]

In addition to the geographical restriction on the parties' relocation of their respective residences contained within the custody agreement, that agreement required each party to give thirty days notice to the other party before moving. It appears undisputed that Gunderson moved more than once without giving the required notice, and that at the time the contempt motion was filed she had moved more than 48 road miles from the marital residence referenced in the agreement. Sandy filed the contempt motion, seeking to have Gunderson cited for contempt for violation of the relocation agreement incorporated into the final decree, along with various other alleged violations of the divorce decree unrelated to the relocation of her residence. Following a hearing, the trial court cited Gunderson for contempt of the relocation agreement as well as two of the other grounds for contempt raised in Sandy's motion. The trial court did not err

---

[2] The application was filed in the Court of Appeals which transferred the case to this Court pursuant to our appellate jurisdiction over divorce cases.

2

in finding Gunderson in contempt, but for the reasons set forth below we find that portion of the contempt order that addresses the relocation agreement impermissibly modifies the divorce decree. Therefore, the order is reversed in part.

1. "[A] trial court lacks the authority to modify the terms of a divorce decree in a contempt proceeding." *Smith v. Smith*, 281 Ga. 204, 206 (2) (636 SE2d 519) (2006). Here, the contempt citation did not simply clarify or enforce the relocation agreement incorporated into the divorce decree; it changed its terms. The original decree required Gunderson to live no more than fifteen road miles from the home in which she resided at the time of the decree. The contempt order, however, requires her to move into the school district where the minor child is enrolled in school. But, as Gunderson points out, it would be possible for her to reside within the geographical limitation imposed by the decree and still live outside that school district. The trial court's order requiring Gunderson to move back into the school district in which the minor child is enrolled in school amounts to an unauthorized modification of the decree. See *Roquemore v. Burgess*, 281 Ga. 593, 595 (642 SE2d 41) (2007); *Cason v. Cason*, 281 Ga. 296, 298 (1) (637 SE2d 716) (2006). Accordingly, that portion

of the contempt order that modifies the terms of the geographical restrictions of the parties' relocation agreement is reversed, and the case is remanded for further action not inconsistent with this opinion.

2.  Given our holding in Division 1, it is unnecessary to address the additional grounds for reversal of the contempt order raised in the appeal.

Judgment reversed in part and case remanded with direction.  All the Justices concur.

Decided June 30, 2014.

Domestic relations. Cobb Superior Court. Before Judge Stedman, pro hac vice.

Hill-Macdonald, Vic B. Hill, Brad E. Macdonald, for appellant.

Ronald A. Sandy, pro se.