297 Ga. 189
FINAL COPY

S15A0202. GOOCH v. GOOCH.

HINES, Presiding Justice.

This Court granted the application for discretionary appeal of Nancy Gooch ("Nancy") from the trial court's order in her contempt action against appellant Terry J. Gooch ("Terry"). For the reasons that follow, we reverse and remand for further proceedings.

Under the couple's 2012 divorce decree and incorporated settlement agreement, Terry was required to select a certain option for his retirement benefits, and to designate Nancy as the survivor beneficiary; under that option, Terry would receive life-time benefits, with a guarantee of ten years of payments, such that should he die within that period, payments would continue to his designated survivor beneficiary for the remainder of the guarantee period, referred to as "Life with 10-year guarantee." However, Terry did not comply with this directive of the decree, instead selecting an entirely different retirement option, and naming his new wife as the survivor beneficiary thereunder; this designation was irrevocable. In December 2013, Nancy filed in the trial court

a petition for Terry to be held in contempt for his failure to comply with this portion of the decree. After a hearing, on May 29, 2014, the trial court entered an order finding Terry in willful contempt of his obligations under the divorce decree, but determined that no available remedy existed; the court's order also awarded Nancy $5,600 in attorney fees, which it struck in response to a motion for reconsideration by Terry. This Court granted Nancy's application for discretionary appeal to determine whether the trial court was correct in ruling that there was, at this time, no available remedy for Terry's contempt.

As this Court has noted,

> "[i]n cases of contempt the trial judge is vested with a discretion in determining whether his orders have been violated and how such infringements should be treated; and it has been said that this court will not disturb his judgment, unless it appears that he has abused his discretion. [Cits.]" [Cit.]

*Burke v. Burke*, 263 Ga. 141, 142 (2) ( 429 SE2d 85) (1993). The trial court's order states that the court

> concludes that there is no available remedy for [Terry's] actions. The [decree's] provision . . . for the survivor's benefits applies in the event of [Terry] predeceasing [Nancy]. Unless and until [Terry] predeceases [Nancy], it is too speculative to determine the appropriate remedy.

However, during the contempt hearing, the testimony of a financial planning

2

expert was that there were remedies currently available, including an annuity to provide payments for a certain period of time, such as the ten years specified in the decree, or a life insurance policy.

Although Terry contends that the trial court was correct in finding that there was no need for any remedy unless and until Terry dies within the guarantee period of the mandated retirement plan, this ignores the fact that, had Terry met the obligation placed upon him by the trial court's decree, Nancy's potential receipt of survivor benefits would not be dependent on Terry's control of his own assets — with the hope that he would leave an estate sufficient to meet the remaining obligation — but on the assets and management of the retirement plan.

Terry asserts that, were the trial court to order him to purchase an annuity to serve the same function as the obligation he ignored, i.e., to pay to himself for ten years the sum that selection of the Life with 10-year guarantee plan would have produced with Nancy as the surviving beneficiary, such would constitute a modification of the decree, as no such annuity was set forth therein. Certainly, the trial court could not modify the decree in a contempt action. See *Roquemore v. Burgess*, 281 Ga. 593, 594 (642 SE2d 41) (2007). But, the trial court

3

certainly could "exercise its discretion to craft a remedy for contempt, including remedying harm caused to an innocent party by [Terry's] contemptuous conduct." *Smith v. Smith*, 293 Ga. 563, 564 (1) (748 SE2d 456) (2013) (Citations and punctuation omitted.) And, in doing so, the trial court can enforce its order by requiring the contemnor to secure something of the same monetary value as that which was set forth in the violated order. Id.

Terry asserts that the evidence regarding an annuity or insurance policy to replace the obligation set forth in the decree was insufficient, as it did not include the specific purchase amount of the annuity or insurance policy, "the term for either instrument," or "detail as to how these instruments would be put in place." However, Terry cites no authority for the contention that it was Nancy's obligation to provide all details regarding the remedy for his willful contempt, nor do we find any. The evidence presented was sufficient to authorize the trial court to order Terry to acquire an annuity or insurance policy that would conform to his original court-ordered obligation.

The trial court abused its discretion in failing to devise a remedy for Terry's willful contempt. *Burke*, supra. Accordingly, the judgment of the trial court must be reversed and the case remanded for proceedings consistent with

4

this opinion.

Judgment reversed and case remanded with direction. All the Justices concur.

Decided June 1, 2015.

Domestic relations. Cherokee Superior Court. Before Judge Harris.

James D. Nichols, Jr., for appellant.

Roach, Caudill & Gunn, Thomas A. Roach, Jr., David W. Frost, for appellee.