**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 29, 2021**

# In the Court of Appeals of Georgia

A20A1814. STONE v. STONE.

MERCIER, Judge.

Steven Stone filed a motion for contempt against his ex-wife, Brandy Stone, alleging that she failed to comply with various provisions of the divorce decree that dissolved their marriage. After a hearing, the trial court entered an order finding that Brandy had not met her obligations under the decree and directing that the parties sell their former marital residence. We granted Brandy's application for discretionary review, and this appeal followed. Because the trial court's order improperly modified the Stones' divorce decree, we reverse.

The record shows that Brandy and Steven were divorced on March 11, 2015. With respect to the marital residence, the settlement agreement incorporated into the

divorce decree required Steven to quitclaim a one-half interest in the home to Brandy (evidently resulting in each party owning a one-half interest). It further provided:

> The parties hereto agree that [Brandy] shall be entitled to the use and possession of the marital home. . . . [Brandy] shall be responsible for all utility expenses, homeowner association fees, pest control, lawn maintenance, appliances, fixtures, or other like expenditure on the property beginning immediately. [Steven] shall pay the taxes and insurance for 2015 and thereafter the parties shall equally divide the same.

Several years later, Steven moved for contempt, alleging that Brandy had failed to pay her share of the taxes and insurance relating to the home and also had not paid the required homeowner association fees. The trial court found that Brandy "was in substantial arrears for nonpayment of the HOA fees and her half of the taxes and insurance[.]" It further noted that Brandy was unemployed, had no income other than child support, and that "[t]he financial obligations regarding the house [were] a major source of discontent, animosity, and conflict between the parties."[1] Based on these

---

[1] According to the trial court's order, this was the third contempt proceeding brought by Steven against Brandy "for failure to satisfy her financial obligations with regard to the former marital residence."

2

findings, the trial court ordered that "the former marital residence [be] sold and the profits therefrom . . . be divided[.]"

Brandy appeals the trial court's ruling, arguing that the trial court lacked authority to order the residence sold, given that the divorce decree awarded her use, possession, and a one-half interest in the home. We agree. As explained by our Supreme Court:

> While the trial court has broad discretion to determine whether the divorce decree has been violated and has authority to interpret and clarify the decree, it does not have the power in a contempt proceeding to modify the terms of the agreement or decree. In other words, in response to willful contempt of a divorce decree, a trial court has broad discretion to enforce the letter and spirit of the decree, but the court must do so without modifying the original judgment that is being enforced.

*Darroch v. Willis*, 286 Ga. 566, 569-570 (3) (690 SE2d 410) (2010) (citations and punctuation omitted).

Steven argues that the trial court's order merely clarified the divorce decree requirements so as to carry out the intent, letter, and spirit of the parties' settlement agreement. Georgia courts, however, have established a firm rule "against modifying the property division provisions of a final divorce decree." *Darroch*, supra at 570 (3). Because such provisions "equitably divide marital property between the parties, . . .

3

we have not allowed trial courts later to compel a party who was awarded a specific asset to sell or otherwise convert that asset in order to comply with some other provision of the decree." Id. at 570-571 (3).

The divorce decree awarded Brandy a distinct interest in the marital home. It also required her to pay all homeowner association fees, as well as half of the tax and insurance costs associated with the house. But neither the divorce decree nor the settlement agreement specified a remedy if Brandy failed to make those payments. And neither mandated sale of the home for non-compliance. We recognize that the trial court's order to sell the house might appear reasonable, given Brandy's apparent lack of income and failure to meet her financial obligations under the decree. As noted by the Supreme Court, however,

> many assets specifically awarded in a property division – homes certainly among them – often mean much more to the recipient than the equivalent value in cash, and trial courts cannot alter the allocations agreed to by the parties and otherwise embedded in the original judgment.

*Darroch*, supra at 571 (3).

Trying to avoid this clear authority, Steven argues that the Supreme Court's decisions in *Cason v. Cason*, 281 Ga. 296 (637 SE2d 716) (2006), and *Taylor v.*

4

*Taylor*, 248 Ga. 723 (285 SE2d 695) (1982), demonstrate that the trial court properly carried out the parties' intent and did not modify the divorce decree. But the *Cason* decision did not address the forced sale of a marital asset awarded to a particular party in a divorce decree. Supra at 297-298 (1). And although *Taylor* arguably offers some support to Steven, it was decided in 1982, well before *Darroch*, and it did not analyze whether a contempt order improperly modified a divorce decree. Supra at 697 (2).

As an intermediate appellate court, we are bound to follow the latest pronouncement of the Supreme Court. See *Riverdale Land Group v. Clayton County*, 354 Ga. App. 1, 8 (1) (840 SE2d 132) (2020); *Ward v. Marriott Intl.*, 352 Ga. App. 488 (835 SE2d 322) (2019). That pronouncement establishes that the trial court erroneously modified the divorce decree by requiring the Stones to sell the marital residence. See *Darroch*, supra (although husband failed to comply with directive that he remove wife's name from the mortgage on the marital home, trial court was not authorized to force a sale of the house, which had been awarded to the husband in the divorce decree); see also *Doane v. LeCornu*, 289 Ga. 379, 381 (1) (711 SE2d 673) (2011) (trial court erred in requiring husband to sell lake house awarded to him in divorce decree to raise funds to pay wife money he owed her under the decree; "[t]he divorce decree did not award the lake house to [husband] on condition that he sell it

by a date certain, or specify that the lake house would be sold if [husband] failed to pay [wife] the [required sum]"); *Roquemore v. Burgess*, 281 Ga. 593, 595 (642 SE2d 41) (2007) (trial court improperly modified divorce decree by requiring husband to sell marital home awarded to him in decree). Accordingly, we reverse.[2] See *Darroch*, supra.

*Judgment reversed. Miller, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*

---

[2] In her appellate brief, Brandy notes that the trial court never specified whether it found her to be in contempt of the divorce decree. Because we are reversing the trial court's order on other grounds, we need not address this issue.