# Court of Appeals
# of the State of Georgia

ATLANTA,  October 20, 2021

*The Court of Appeals hereby passes the following order:*

**A22D0080.  IN THE INTEREST OF N. C. et al., CHILDREN (MOTHER).**

In this dependency and legitimation case, Shantricia Robinson, who is proceeding pro se, has filed an application for discretionary review of the juvenile court's order denying her motion to set aside and vacate certain orders and to enter another and different judgment, and petition for immediate return of custody. The order, however, is directly appealable.

Under OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable. See *Froehlich v. Froehlich*, 297 Ga. 551, 553-554 (2) (775 SE2d 534) (2015). The juvenile court previously issued three orders: a March 29, 2021 order finding Robinson's five children to be dependent, denying her motion for return of custody, and ordering that custody remain with the Fayette County Department of Family and Children Services; and two April 1, 2021 orders granting two different fathers' petitions for legitimation and awarding them temporary custody of three of the children. Robinson timely appealed these orders, and that appeal remains pending in this Court. See Case No. A21A1429.[1]

Thereafter, Robinson filed a motion to set aside and vacate certain orders and to enter another and different judgment, and a petition for immediate return of

---

[1] Robinson's appeal of an earlier custody order was dismissed for lack of jurisdiction because she was represented by counsel at the time she filed that pro se notice of appeal. See Case No. A21A0841 (Feb. 8, 2021). She is no longer represented by counsel.

custody, in which she sought to set aside all prior judgments under OCGA § 9-11-60 (d) (2) and asked the court to immediately return full custody of the children to her. The juvenile court denied the motion and petition in a single order, and Robinson timely filed an application for discretionary review.

Because Robinson seeks to challenge, among other things, the juvenile court's ruling regarding custody, the order is directly appealable. OCGA § 5-6-34 (a) (11); see also *Voyles v. Voyles*, 301 Ga. 44, 45-47 (799 SE2d 160) (2017) (we look to the "issue raised on appeal" to determine whether a party can bring a direct appeal).

Moreover, OCGA § 5-6-34 (d) provides that

[w]here an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

Thus, even though appeals from orders denying a motion to set aside a judgment under OCGA § 9-11-60 (d) typically must be initiated by filing an application for discretionary review, the denial of Robinson's petition for immediate return of custody is directly appealable, so OCGA § 5-6-34 (d) entitles Robinson to challenge any other rulings issued below.[2]

_____

[2] However, in this case, Robinson already has an appeal pending, and "[t]he filing of a notice of appeal divests the trial court of jurisdiction to alter a judgment while appeal of that judgment is pending." *Rocha v. State*, 287 Ga. App. 446, 448 (1) (b) (651 SE2d 781) (2007). Thus, to the extent that Robinson's motion to set aside and vacate certain orders and to enter another and different judgment and petition for immediate return of custody sought to challenge the orders currently on appeal in Case No. A21A1429, the juvenile court lacked jurisdiction to alter those judgments while the appeal is pending. Nonetheless, she is entitled to a direct appeal of the denial of her petition for immediate return of custody. See OCGA § 5-6-34 (a) (11).

We will grant a timely filed application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Robinson shall have ten days from the date of this order to file a notice of appeal in the juvenile court. If she has already filed a timely notice of appeal in the juvenile court, she need not file a second notice. The clerk of the juvenile court is DIRECTED to include a copy of this order in the appeal record transmitted to this Court.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__10/20/2021_____*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*