# Court of Appeals
# of the State of Georgia

ATLANTA, March 25, 2026

*The Court of Appeals hereby passes the following order:*

**A26A0688. IN THE INTEREST OF K. C., et al., CHILDREN (MOTHER).**

In January 2025, the Mother filed a petition to modify or terminate the permanent guardianship of her two minor children. In a March 19, 2025 status order, the juvenile court suspended the Mother's visitation with the children, and in two subsequent status orders dated June 17 and June 25, 2025, the court ordered that the Mother's visitation remain suspended. The Mother also filed a motion to remove the guardian ad litem who had been appointed, arguing that removal was appropriate under OCGA § 15-11-104(h). The trial court denied that motion on August 26, 2025, and the Mother filed this direct appeal on September 17, 2025. We lack jurisdiction.

The juvenile court's order denying the Mother's motion to remove the appointed guardian ad litem is interlocutory because the modification action remains pending below. Accordingly, the Mother was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34(b), requiring a certificate of immediate review from the juvenile court and the filing of an application to this Court. Although a direct appeal is proper under OCGA § 5-6-34(a)(11) from all judgments or orders in child custody cases[1] that award, refuse to change, or modify child custody, the juvenile court's order denying the Mother's motion to remove the guardian ad litem did not award, refuse to change, or otherwise modify child custody. "Failure to

---

[1] See *Froehlich v. Froehlich*, 297 Ga. 551, 554(2) (775 SE2d 534) (2015) (acknowledging that for purposes of appellate procedure, visitation is treated as an aspect of child custody).

file an application when one is necessary requires that the appeal be dismissed." *Evans v. Jackson*, 368 Ga. App. 170, 173(1) (889 SE2d 343) (2023) (quotation marks omitted).

In her appellate brief, the Mother also seeks to challenge rulings from the three earlier orders suspending visitation and/or ordering that her visitation remain suspended. Pretermitting whether the Mother was entitled to directly appeal those orders, she failed to file a timely notice of appeal within 30 days of any of those orders. See OCGA § 5-6-38(a); *Perlman v. Perlman*, 318 Ga. App. 731, 739(4) (734 SE2d 560) (2012) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." (citation modified)).

In light of the Mother's failure to follow the proper appellate procedure, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 03/25/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

2